ELIJAH MARSH, et al. petitioners, for a road in CHESTER.   *Windsor, February, 1827.*

Exceptions to reports of road committees, since the passing of the act of the 16th of Nov. 1825, are to be filed with the Clerk of the court, by the second day of the term, or such reports will be accepted. But for sufficient cause shown, the order of acceptance may be set aside, and further time allowed.

It is the duty of committees, appointed by the court, to lay and survey roads, to ascertain and form an opinion, of the utility or inutility of such road, and to certify such opinion to the court, whether they return a survey of the road, or not.

THE committee appointed at the last term, in pursuance of the prayer of the petition, having made a report, containing a survey of the contemplated road, and no objections thereto being filed within the time prescribed by the rules of the court, the same was accepted, and the survey established. Afterwards, *Everett,* for the town of Chester, moved the court, for a rule upon the petitioners to show cause why the order accepting the report should not be set aside, and the town of Chester have leave to file objections to the acceptance of the report.

The rule being granted, *nisi, Marsh,* for the petitioners, now showed cause ; and *Everett,* in reply, said he considered the statute of the 16th Nov. 1825, as virtually abrogating the rule of Court.

PER CURIAM.—The Court do not consider the statute of 1825, as abrogating the rule. The requirement of the act, that the report be filed with the clerk, fifteen days before the session of the court, is consistent with the rule of Court, and tends to facilitate a compliance with it. Nevertheless, this case is distinguishable from other cases, and a majority of the Court are of opinion, that the rule upon the petitioners ought to be made absolute, under a rule that they be taxed with no costs for opposing the acceptance of the report, in case it be rejected.

    The rule was made absolute.

On a subsequent day of the term, objections having been filed, the cause came on for a hearing, when it appeared from the report, that the committee say therein, (among other things,) that they have laid the road, and return a survey, (which was annexed to the report ;) but that the information obtained from those interested was so very contradictory that they were unable to ascertain whether the publick utility required the laying of the road or not.

Skinner, Ch. J.—We consider that we are entitled to the *opin-*
*ion* of the committee.   It appears they have not spent their judg-

*Marsh, et al.*
*petitioners*
*for a road*
ment upon it.   I, for one, think the report ought to be referred
back, for the committee to certify their judgment of the propri-
ety of establishing the road.                          ·

Prentiss, J.—I think, that though the committee have sur-
veyed the road, their report goes rather to negative an opinion of
its utility, than otherwise.   It ought to appear *affirmatively* that
the road would be useful.

> So, the report was recommitted to the same committee,
> with instructions to report specially, their judgment
> of the utility of the road.

*J. P. Williams,* and *Chs. Marsh,* for the petitioners.

*I. N. Cushman,* and *H. Everett,* contra.